# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 18-cr-00144-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JALIL LEMASON ROBINSON,
    a/k/a "Talk Big,"

    Defendant.

---

## GOVERNMENT'S TRIAL BRIEF

---

The United States of America (the government) respectfully submits this trial brief regarding entrapment because the government believes that the defendant will attempt to raise an entrapment defense. First, as a threshold matter, the defendant was not entrapped. The government submits that he will not meet his burden to qualify for an entrapment instruction.[1] Second, if the defendant opens the door regarding entrapment or a similar assertion, the government is entitled to introduce evidence to rebut that allegation.

## ARGUMENT

### I. *The Defendant Was Not Entrapped*

The defendant will not qualify for a jury instruction on entrapment.[2] "[T]he underlying

---

[1] The government submitted a proposed jury instruction on entrapment only in case the Court disagrees with the government and decides to read an entrapment instruction.

[2] Nor, moreover, will the defendant be able to establish that he was entrapped as a matter of law. "Entrapment exists as a matter of law only if the evidence of entrapment is uncontradicted." *United States v. Nguyen*, 413 F.3d 1170, 1177-78 (10th Cir. 2005) (internal quotation marks omitted). Put another way, entrapment as a matter of law only exists "when there is undisputed testimony which shows

purpose of the entrapment defense is to protect an otherwise unpredisposed defendant from governmental coercion." *United States v. Ortiz*, 804 F.2d 1161, 1165 (10th Cir. 1986). The defendant is entitled to an entrapment instruction when there is sufficient evidence, viewed in the light most favorable to the defendant, from which a reasonable jury could find entrapment. *United States v. Scull*, 321 F.3d 1270, 1275 (10th Cir. 2003). The evidence, however, must not be "flimsy or insubstantial;" "conclusory and self-serving statements, standing alone, will not suffice."[3] *Ortiz*, 804 F.2d at 1165-66 (internal quotation marks omitted). Specifically, the defendant must show, either by presenting his own evidence or by pointing to evidence from the government's case in chief, both government inducement and his lack of predisposition. *Scull*, 321 F.3d at 1275.

"Inducement" is "government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense." *Id.* (internal quotation marks omitted). Government inducement can occur based on "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." *Id.* (internal quotations omitted). But "[e]vidence that a government agent solicited, requested or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement. Inducement is also not shown by evidence that the government agent initiated the contact with the defendant or proposed the crime." *Id.* (internal quotation marks omitted).

---

*conclusively* and *unmistakably* that an otherwise innocent person was induced to commit the [criminal] act." *Id.* (internal quotation marks omitted).

[3]"When a defendant testifies, he must substantially admit that he committed the necessary elements of the crime. If he denies the commission of the crime charged, the defense of entrapment is not available to him." *Ortiz*, 804 F.2d at 1164 n.3 (internal citation omitted).

"Predisposition," by contrast, is "a defendant's inclination to engage in the illegal activity for which he has been charged, i.e., that he is ready and willing to commit the crime." *Nguyen*, 413 F.3d at 1178 (internal quotation marks omitted). Predisposition may be established by evidence of similar, prior illegal acts or inferred from the defendant's desire for profit, his eagerness to participate in the crime, his ready response to the government's inducement offer, or his knowledge and experience regarding the criminal activity. *Id.* Although the defendant's predisposition is viewed when the defendant comes into contact with the government agent, inferences about predisposition also may be drawn from events after the initial contact. *Id.*

The Tenth Circuit and other circuits have thus affirmed the refusal to give an entrapment instruction in undercover exploitation cases where a defendant did not meet his burden. *See, e.g.*, *United States v. Munro*, 394 F.3d 865, 868, 871 (10th Cir. 2005) (the defendant failed to set forth sufficient evidence of entrapment in case where the defendant began a private chat with an undercover police officer who subsequently identified herself as a 13-year-old girl); *United States v. Paulsen*, 591 Fed. Appx. 910, 917 (11th Cir. 2015) (denial of instruction was proper where the defendant initiated the conversation, continued and escalated the conversations after learning the individual was only 15, suggested the plan to meet, and made comments expressing his wish that the boy were older or that the defendant were younger); *United States v. Shinn*, 681 F.3d 924, 927-28, 930 (8th Cir. 2012) (refusal to give instruction was proper in case where the defendant initiated the chat in an adults-only chatroom, the government agent subsequently identified herself as a 14-year-old, and the defendant described the sex acts he wanted to perform but often hedged the description of his desires with "if it wasn't illegal" or "if you was 18").

Here, the defendant will not be able to identify sufficient evidence of inducement and lack of predisposition.[4] First, the government's conduct did not create "a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense." *See Scull*, 321 F.3d at 1275 (internal quotation marks omitted). To the contrary, the defendant initiated contact with "Nikki" (in reality, a government agent) and proposed that she serve as his prostitute. Even after the defendant learned that "Nikki" was 17, he continued to recruit her.[5] In fact, his conversations escalated. Without inducement, he ultimately bought the 17-year-old girl a bus ticket and traveled to the bus station to meet her.

Second, the defendant was predisposed – *i.e.*, he was "ready and willing to commit the crime." *See Nguyen*, 413 F.3d at 1178. This is evident based on his prior illegal acts and is also inferred from his desire for profit, his eagerness to participate in the crime, his ready response, and his knowledge and experience regarding prostitution.

Accordingly, the defendant will not be entitled to a jury instruction on entrapment.[6]

---

[4]The factual summary from the Government's Response to Defendant's Motion to Dismiss Indictment Due to Outrageous Government Conduct (ECF No. 40) is incorporated by reference.

[5]The fact that the defendant expressed a "concern" about "Nikki's" age does not change this analysis. *See Paulsen*, 591 Fed. Appx. at 917 (the defendant failed to produce evidence of inducement even though the defendant commented that he wished "Paul" were older or that the defendant were younger); *cf. Shinn*, 681 F.3d at 927-28, 930 (finding insufficient evidence of inducement where the defendant "often hedg[ed] the description of his sexual desires with 'if it wasn't illegal' or 'if you was 18'").

[6]The government submits that it would be most appropriate to make this determination after the jury hears all of the evidence. *Cf. United States v. Osborne*, 935 F.2d 32, 34 (4th Cir. 1991) ("We hold that, although pretrial resolution of an entrapment motion is rarely appropriate, on the facts of this case the district court did not err in refusing to allow the issue of entrapment to go before the jury. Accordingly, we affirm the conviction and sentence.").

## II. The Government May Rebut Any Attempt to Introduce Entrapment or a Similar Allegation

Nevertheless, the government anticipates that the defendant will attempt to introduce an entrapment defense or a similar argument. If so, he will open the door for the government to introduce extrinsic evidence to rebut any such allegation.[7]

Where "defense counsel purposefully and explicitly opens the door on a particular (and otherwise inadmissible) line of questioning, such conduct operates as a limited waiver allowing the government to introduce further evidence on that same topic." *United States v. Lopez-Medina*, 596 F.3d 716, 731 (10th Cir. 2010).

Once a defendant alleges entrapment or otherwise alleges his lack of predisposition, the government may introduce extrinsic evidence of his predisposition. *See United States v. Fulton*, 344 Fed. Appx. 477, 480 (10th Cir. 2009) ("Although the government normally may not introduce evidence of a defendant's predisposition to engage in criminal activity, it may do so once a defendant submits evidence which raises the possibility that he was induced to commit the crime, usually in the context of an entrapment defense." In other words, introduction of extrinsic evidence is a reliable method for showing the criminal predisposition necessary to rebut any allegation of entrapment." (internal quotation marks and citations omitted)); *cf. United States v. Mendoza-Salgado*, 964 F.2d 993, 1003 (10th Cir. 1992) ("Once defendant raises the entrapment defense, he "opens himself to a 'searching inquiry.'"). The same analysis applies if the defendant presents false statements. *See United States v. Magallanez*, 408 F.3d 672, 681 (10th Cir. 2005).

---

[7]The government also preserves its argument that it is separately entitled to introduce the defendant's prior, illegal acts as Rule 404(b) evidence, even if the defendant does not open the door.

If the defendant introduces the concept of entrapment (or otherwise opens the door), the government is entitled to introduce further evidence on that topic. Specifically, the government intends to call Arapahoe County Probation Officer Valerie Arguello-Perez, who supervised the defendant while on probation for his Colorado pandering conviction.[8]

## CONCLUSION

The defendant will not be entitled to a jury instruction on entrapment. But if he opens the door to an entrapment-type argument, the government may rebut it.

    Respectfully submitted,

    Robert Troyer
    United States Attorney

By: *s/Emily M. May*
    Emily M. May
    Valeria N. Spencer
    Assistant U.S. Attorneys
    United States Attorney's Office
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    FAX: (303) 454-0406
    e-mail: Emily.May@usdoj.gov
    e-mail: Valeria.Spencer@usdoj.gov
    *Attorneys for the United States*

---

[8] The government no longer intends to call the defendant's California trafficking victim, E.B. But the government may still attempt to serve and call K.C., the defendant's Colorado trafficking victim.

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2018, I electronically filed the foregoing **GOVERNMENT'S TRIAL BRIEF** using the CM/ECF system and a copy was sent via e-mail to the following e-mail addresses:

Attorneys for Jalil Lemason Robinson:

Matthew K. Belcher
e-mail: Matthew_Belcher@fd.org

Timothy P. O'Hara
e-mail:  timothy_ohara@fd.org

                                        *s/Maggie E. Grenvik*
                                        Maggie E. Grenvik
                                        Legal Assistant