IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00144-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JALIL LEMASON ROBINSON,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on Defendant's Motion in Limine to Limit Scope of Expert Testimony [Docket No. 84].

Defendant requests that the Court prohibit Task Force Officer ("TFO") Craig Tangeman from testifying in general terms regarding the culture of pimping and prostitution. Docket No. 84 at 1. Defendant argues that such generalized "culture" testimony is insufficiently tied to the facts of this case and would not assist the jury in resolving the facts at issue. *Id.* The government responds that the culture testimony it intends to introduce is relevant to the issue of whether the defendant is a pimp. Docket No. 89 at 1-2.

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion . . . if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." The

government lists four categories of "culture" evidence to which TFO Tangeman is expected to testify: the types of pimps; the emphasis on a victim's loyalty in pimping and prostitution culture; the use of gifts, promises, fraud, and money to bond with and obtain control over a victim; and the ways in which pimps exploit weaknesses in their victims. Docket No. 89 at 1-2.[1] The government argues that such evidence will assist the jury in determining whether the defendant is a pimp and is therefore admissible under Fed. R. Evid. 702. The Court agrees.

As other courts have found, "testimony on pimping patterns and the pimp-prostitution relationship [may] shed light on critical issues in [a] case." *United States v. Anderson*, 851 F.2d 384, 393 (D.C. Cir. 1988). In *Anderson*, the court concluded that such testimony was relevant to the issue of "whether the appellant was in fact a pimp or rather, as [the appellant claimed], merely a gambler with a flashy lifestyle and a penchant for travel." *Id.* Other courts have reached similar conclusions as to the relevance of testimony bearing on whether a defendant was a pimp. *See, e.g.*, *United States v. Geddes*, 844 F.3d 983, 991 (8th Cir. 2017) (district court did not abuse its discretion in sex trafficking case by admitting expert testimony regarding the operation of prostitution rings, including the recruitment of prostitutes and the relationship between pimps and prostitutes); *United States v. Brinson*, 772 F.3d 1314, 1319 (10th Cir. 2014) (district court acted within its discretion in finding that expert testimony of detective regarding "the relationship between pimps and their prostitutes" and the ways

---

[1]The government states that it will not elicit testimony regarding the boyfriend/girlfriend relationship or the use of violence because such testimony would not be relevant to this case. Docket No. 89 at 2 n.1.

in which pimps recruit and control prostitutes would have helped the jury); *United States v. Taylor*, 239 F.3d 994, 998 (9th Cir. 2001) ("A trier of fact who is in the dark about [the pimp-prostitute] relationship may be unprepared to assess the veracity of an alleged pimp, prostitute, or other witness testifying about prostitution."); *see also United States v. King*, 703 F. Supp. 2d 1063, 1074 (D. Haw. 2010) (collecting cases permitting introduction of expert testimony regarding "defendants' modus operandi in [various] types of criminal operations" and noting that "[s]uch testimony helps the jury to understand complex criminal activities, and alerts it to the possibility that combinations of seemingly innocuous events may indicate criminal behavior" (internal quotation marks omitted)).

Here, the government is relying primarily on the defendant's communications with TFO Tangeman to show that the defendant was attempting to engage the victim in prostitution. As the government argues, each of the categories of evidence identified above is specifically related to the defendant's efforts. *See* Docket No. 89 at 2 (noting that the defendant "made promises, bought 'Nikki' a bus ticket, made fraudulent statements, and attempted to exploit her weaknesses"). Such testimony is likely to assist the jury in determining whether the defendant's communications with TFO Tangeman reflect behaviors characteristic of a pimp.

The cases defendant cites do not compel a different conclusion. In both cases, the government failed to establish any connection between the proffered "culture" testimony and the facts at issue. In *United States v. Delgado*, 677 F. App'x 84 (3d Cir. 2017) (unpublished), for example, the court expressly noted that the government was

"*not* contend[ing] that the proffered testimony [went] to any element of the charged offenses." *Id.* at 85. The government sought to admit the expert testimony on the culture of sex trafficking for the sole purposes of "de-mystify[ing the] subculture" and providing "education and context" for the jury. *Id.* Similarly, in *United States v. Abdush-Shakur*, 465 F.3d 458 (10th Cir. 2006), the court held that expert testimony regarding the "culture of violence" in federal penitentiaries would not assist the trier of fact where the testimony would not have "negate[d] any of the elements of the charged crime." *Id.* at 466-67.

In contrast to both *Delgado* and *Abdush-Shakur*, the proffered testimony in this case is directly relevant to the jury's determination of whether the defendant was attempting to solicit his victim for prostitution. The defendant's motion in limine will therefore be denied.

Wherefore, it is

**ORDERED** that Defendant's Motion in Limine to Limit Scope of Expert Testimony [Docket No. 84] is **DENIED**.

DATED August 30, 2018.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge