IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00144-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JALIL LEMASON ROBINSON,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on Defendant's Motion in Limine to Redact Proposed Exhibits to Remove Inadmissible 404(b) Evidence [Docket No. 83] and Defendant's Motion in Limine Concerning the Anticipated Dual Capacity Testimony of Investigator Craig Tangeman [Docket No. 85].

**I. MOTION TO REDACT EXHIBITS TO REMOVE 404(B) EVIDENCE**[1]

    **A.  Government Trial Exh. 2**

The defendant's request is rejected.  To the extent that Mr. Robinson is asking that all of the photographs be redacted, the Court finds no reason to do so.  To the extent that Mr. Robinson asks the Court to limit the photo and associated words about not texting, the Court does not believe that a reasonable jury would interpret the words as evidence of a previous crime, as opposed to words that the defendant intentionally included as a message that he might send.  As such, there is no Rule 404(b) violation.

---

    [1]For purposes of this order, the Court will follow the exhibit numbering used in the government's response to the defendant's motion in limine.  *See* Docket No. 90.

### B. Government Trial Exh. 5

The Court rejects the defendant's proposed redaction. A reasonable jury would have no reason to interpret the challenged language in this text message string as referring to previous charges against the defendant or to previous bad acts. Even if a reasonable jury would, the statement is relevant to the defendant's attempt to recruit and therefore is not Rule 404(b) evidence. Moreover, under Rule 403, its probative value is not substantially outweighed by a danger of unfair prejudice.

### C. Government Trial Exh. 6

The government has indicated that it will make the proposed redaction.

### D. Government Trial Exhs. 23 and 29

The government has indicated that it will make the proposed redactions regarding the "CC numbers." The government has also indicated that it will redact statements "have you ever been locked up?" and "Unhuh, yeah. Yep." The Court will additionally order the government to redact the statements noted in paragraphs 6(a) and (b) of defendant's motion under a Rule 403 analysis. A reasonable jury could infer that those statements allude to Mr. Robinson having been incarcerated in the past, which prejudice would substantially outweigh those statements' probative value. As to the proposed redactions in paragraphs 7(b) through (h) and paragraphs 8(b) through (c), a reasonable jury would not interpret them as Rule 404(b) evidence. These statements are directly relevant to the defendant's apparent attempt to recruit Nikki with material inducements and his attempt to emphasize the importance of her being loyal to him. Under a Rule 403 analysis, their probative value is not substantially outweighed by

a danger of unfair prejudice.  The Court will deny the proposed redactions to paragraphs 9(b) through (g).  These statements are directly relevant to the defendant's apparent attempt to recruit Nikki with suggestions of easy money.  As such, they are not Rule 404(b) issues.  Under a Rule 403 analysis, their probative value is not substantially outweighed by a danger of unfair prejudice given that the defendant would be speaking from experience, or suggesting that he was speaking from experience, in making this type of pitch.

## II.  MOTION CONCERNING DUAL CAPACITY TESTIMONY

The Court does not believe that there is a sufficient risk of prejudice to the defendant to warrant a contemporaneous instruction to the jury about Investigator Tangeman's dual role.  The Court also declines to require that the examination of Investigator Tangeman be structured in a certain way, although the government should be clear in asking him if he has an opinion about a particular subject and what that opinion is.  The Court will, however, consider the parties' versions of "dual role" final jury instructions.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion in Limine to Redact Proposed Exhibits to Remove Inadmissible 404(b) Evidence [Docket No. 83] is **GRANTED** in part and **DENIED** in part as stated in this order.  It is further

**ORDERED** that Defendant's Motion in Limine Concerning the Anticipated Dual Capacity Testimony of Investigator Craig Tangeman [Docket No. 85] is **DENIED**.

DATED August 30, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge